UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RAYMOND MARKLAND,            )<br>                                                  )<br>            Petitioner,           )<br>v.                                              )<br>                                                  )<br>DICK BROWN,                       )<br>                                                  )<br>            Respondent.         ) | No. 2:12-cv-60-WTL-WGH |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* Because habeas petitioner Raymond Markland fails to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. WVE 11-09-0138, Markland was found guilty of violating a rule at an Indiana prison by threatening a correctional officer. The evidence favorable to the decision of the hearing officer is that during the early evening of September 28, 2011, Markland responded to an instruction from the officer by stating to the officer that he had better go back to his desk before he and Markland had a problem. Contending that the proceeding was constitutionally infirm, Markland seeks a writ of habeas corpus.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and Asome evidence in the record@ to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539,

564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Markland received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Markland was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Markland's claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Markland to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/02/2012

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Raymond Markland
No. 113377
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838

All electronically registered counsel